1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

7

8
Mario William Fragassi,
Plaintiff
-vs-

CV-13-8140-PCT-GMS (JFM)

9
Unknown Brown, et al.,
Defendants.

**Report & Recommendation**

10

11   **Failure to Timely Serve** – In its Order filed November 19, 2013 (Doc. 10), the

12   Court ordered Plaintiff to file a memorandum showing cause why this case should not be

13   dismissed without prejudice for failure to effect service.

14        Plaintiff's Complaint (Doc. 1) was filed on May 31, 2013. The Court's service

15   Order (Doc. 7) was entered on August 28, 2013. A review of the Court's file reflects that

16   service was returned unexecuted on September 11, 2013, with the notation that Director

17   Brown was deceased. (Doc. 9.) It appears to the undersigned that the two defendants,

18   Mohave County Jail Director Brown, and Deputy Director Jeffery Brown, are the same

19   person.

20        Plaintiff has not responded to the order or otherwise shown cause why this case

21   should not be dismissed for failure to effect service.

22   Federal Rule of Civil Procedure 4(m) provides:

23        If a defendant is not served within 120 days after the complaint is
     filed, the court--on motion or on its own after notice to the plaintiff-
24   -must dismiss the action without prejudice against that defendant or
     order that service be made within a specified time. But if the
25   plaintiff shows good cause for the failure, the court must extend the
     time for service for an appropriate period.
26

27   Local Civil Rule 16.2(b)(2)(B), which governs prisoner civil rights suits, provides

28   that service shall be completed by the "maximum date to effect service, pursuant to Rule

1

4 of the Federal Rules of Civil Procedure, or sixty (60) days from filing of service order, whichever is later."

Dismissal of a party is appropriate where a plaintiff fails to show good cause for delays in service. *See Walker v. Sumner,* 14 F.3d 1415 (9th Cir. 1994) (upholding dismissal where no showing of good cause for delay in service).

> At a minimum, "good cause" means excusable neglect. A plaintiff may also be required to show the following: (a) the party to be served personally received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his complaint were dismissed.

*Boudette v. Barnette,* 923 F.2d 754, 756 (9th Cir.1991).

Notwithstanding Rule 4(m), where "good cause does not exist, the court may in its discretion decide whether to dismiss the case without prejudice or extend time for service." *Petrucelli v. Bohringer and Ratzinger,* 46 F.3d 1298, 1305 (3rd Cir. 1995). "[I]f good cause is not established, the district court may extend time for service upon a showing of excusable neglect." *Lemoge v. U.S.,* 587 F.3d 1188, 1198 (9th Cir. 2009).

To determine whether a plaintiff demonstrates excusable neglect, courts use the test set forth in *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd.,* 507 U.S. 380, 394 (1993), and *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir.1997). *See Lemoge,* 587 F.3d at 1198 (holding that plaintiff had established excusable neglect for the purposes of Rule 4(m) via the *Pioneer-Briones* test). The *Pioneer-Briones* test is as follows:

> [T]he determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay; and (4) whether the movant acted in good faith.

*Bateman v. U.S. Postal Service,* 231 F.3d 1220, 1223-1224 (9th Cir.2000).

Here, Plaintiff has failed to make any effort to show good cause or excusable neglect. All but the last factor identified in *Bateman* call for a finding of no excusable neglect.

Danger of Prejudice to Unserved Defendant – Defendant(s), if eventually served,

2

will be required to respond to a complaint concerning issues alleged to have arisen at least some seven months prior.  While this prejudice is limited to the extent that service could promptly be completed, there is no reason to anticipate service in the near future.  This is particularly so, given Plaintiff's failure to demonstrate a desire to proceed with the litigation.

<u>Length of Delay and Impact</u> – Almost two months have expired since service was returned unexecuted.

<u>Reason for Delay</u> – The reason of the delay appears to be related to either Plaintiff's abandonment of prosecution of the case, or inability to proceed further with service in light of advice that the defendant is deceased.

<u>Good faith</u> - There appears no reason to conclude that Plaintiff has acted in bad faith, as opposed to simply being dilatory or stymied in efforts to obtain service.

**<u>Summary</u>** - Plaintiff has failed to show good cause or excusable neglect to justify an extension of time to complete service on Defendants.

**IT IS THEREFORE RECOMMENDED** that, pursuant to Rule 4(m), the Complaint (Doc. 1) and this case be **DISMISSED WITHOUT PREJUDICE**.

**EFFECT OF RECOMMENDATION**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72, Federal Rules of Civil Procedure,* the parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court.  Thereafter, the parties have fourteen (14) days within which to file a response to the objections.  Failure to timely file objections to any findings or recommendations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues,  *see United*

*States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*), and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation of the Magistrate Judge, *Robbins v. Carey*, 481 F.3d 1143, 1146-47 (9th Cir. 2007).

Dated: December 10, 2013

James F. Metcalf
United States Magistrate Judge

13-8140o Order 13 12 09 re RR re Dismiss FTSrv.docx

4